UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARON-SHAWN A. BELL,<br>Plaintiff,<br>v.<br>JUDGE KEVIN V. MALTBY, et al.,<br>Defendants. | CIVIL ACTION<br>NO. 26-11353-WGY |

**MEMORANDUM AND ORDER**

**September 11, 2026**

**YOUNG, J.**

For the reasons set forth below, the Court dismisses this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii).

**I. Background.**

Pro se plaintiff Sharon-Shawn A. Bell of Boston initiated this action on March 19, 2026, by filing a complaint against a state court judge, a district attorney, a clerk-magistrate and a police officer alleging abuse of process. (ECF No. 1). Because Bell indicated that this action is related to Bell v. Hampden County District Attorney Office, et al., C.A. No 24-30159-MGM, see ECF No. 1-1 at § VIII, the instant action was case was assigned to Judge Mastroianni. (ECF No. 4).

On April 6, 2026, Bell was granted leave to proceed in forma pauperis and was ordered to file, within 30 days, an

amended complaint adding the defendant she sought to add. (ECF No. 6). Three weeks later, on April 29, 2026, Bell filed a motion seeking recusal, removal of the related case designation, change of venue to Boston, and a vacation of orders in the instant case and other cases. (ECF No. 8).

On August 3, 2026, Bell's motion was allowed with respect to the request to remove the related case designation and the transfer of this case to the Eastern Division and denied without prejudice in all other respects. (ECF No. 9). At that time, the case was transferred to the Eastern Division, see (ECF No. 10), and was randomly assigned to the undersigned. (ECF No. 11). Bell's original complaint remains the operative pleading because she did not file an amended complaint.

Plaintiff's complaint is submitted on the form for filing a complaint and request for injunction (Pro Se 2). (ECF No. 1) As best can be gleaned from the complaint, Bell seeks to hold the 4 defendants liable for, among other things, "Homeless Harassment, Discrimination, Brutality by Police, Springfield District Court - Hampden County Superior Civil Court; Judicial [System]." Id. at ¶ III(C). Bell seeks a wide range of relief, including $10,000,000 punitive damages, $1,000,000 for wrongful conviction, and orders to quash an active warrant, to enjoin the

prosecution of cases in the Springfield District Court, and to reopen closed cases in this federal court. Id. at ¶ V.

**II. Standard of Review.**

Because Bell was granted leave to proceed in forma pauperis, the Court may conduct a preliminary screening of her complaint pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, the Court may review the pleadings of a litigant proceeding in forma pauperis and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a party that is immune to such relief. In conducting this review, the Court liberally construes Bell's complaint because she is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

To state a claim upon which relief may be granted, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a complaint include a "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). The "fundamental purpose" of this pleading rule "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015 (quoting Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008)); see

also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that the "short and plain" statement of the claim must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests" (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957))).

In evaluating the sufficiency of the complaint, the Court only considers "well-pleaded" factual allegations. In other words, factual allegations that consist merely of "labels and conclusions" are not credited. Twombly, 550 U.S. 544, 555. Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (alteration in original) (quoting Twombly, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679.

Further, the well-pleaded facts, accepted as true, must "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm

of mere conjecture, the complaint is open to dismissal." S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010.

**III. Discussion.**

Bell's allegations are insufficient to state a claim upon which relief may be granted. As an initial matter, "[a]bsolute immunity applies to a narrow swath of public officials, including 'judges performing judicial acts within their jurisdiction,' 'prosecutors performing acts intimately associated with the judicial phase of the criminal process,' and agency officials with functions similar to judges and/or prosecutors." Goldstein v. Galvin, 719 F.3d 16, 24 (1st Cir. 2013) (citations omitted).

As to Judge Maltby, Bell alleges that he denied her a court-appointed attorney in two 2023 criminal cases, issued a warrant, illegally enforced an order and in 2024 ordered 3 days in custody. Compl. at ¶¶ III(A)(1), III(B)(1), III(B)(5). Bell's claims against Judge Maltby are barred by the doctrine of absolute judicial immunity. See Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019) ("[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions.").

Similarly, the defendant acting clerk-magistrate enjoys quasi-judicial immunity from suit. "[U]nder Massachusetts law,

'[c]ourt clerks enjoy qualified immunity from suit and are absolutely immune for their conduct when acting at a judge's direction.'" Cline v. Burke, 682 F.Supp.3d 125, 131 (D. Mass. 2023) (quoting Temple v. Marlborough Div. of Dist. Ct. Dep't, 395 Mass. 117, 133, 479 N.E.2d 137 (1985)). Indeed, "[c]ourts have expanded the doctrine of judicial immunity to include certain 'quasi-judicial' officers who are involved in an integral part of the judicial process and thus must be able to act freely without the threat of a law suit." Id. (quoting Commonwealth v. O'Neil, 418 Mass. 760, 767, 641 N.E.2d 702 (1994)). "The doctrine applies to court clerks performing their duties due to 'the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.'" Id. (quoting McNeil v. State of Mass., No. 14-14370-DJC, 2014 WL 7404561, at *3 (D. Mass. Dec. 30, 2014) (internal quotations and citations omitted)).

Bell has failed to state a claim upon which relief may be granted against District Attorney Gulluni because of his immunity as a prosecutor. Prosecutors are entitled to absolute immunity for claims arising out of conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). "Acts undertaken

by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Prosecutorial conduct protected by absolute immunity includes the initiation of a prosecution, the presentation of the State's case, and even the knowing use of false testimony at trial. See Reichle v. Howards, 566 U.S. 658, 668 (2012); Imbler, 424 U.S. at 430-31. A prosecutor's alleged failure to properly investigate before initiating a prosecution is also conduct within the scope of absolute immunity. See Broam v. Bogan, 320 F.3d 1023, 1029 (9th Cir. 2003). Here, Bell does not allege facts from which the Court may reasonably infer that District Attorney Gulluni engaged in any alleged misconduct for which he would not have prosecutorial immunity.

As to police officer Marino, plaintiff alleges that he "ordered [Bell to] 10 mos WMRWCC (Inmate 167309); NOT judge." Compl. at ¶¶ III(A)(1). Here, Bell fails to present a "a short and plain statement of [her] claim" as to defendant Marino. Fed. R. Civ. P. 8(a)(2). Bell was granted leave to file an amended complaint and was specifically permitted to add a claim against a second police officer. Dismissal of this action is appropriate in light of Bell's failure to submit an amended

complaint. The original complaint fails to state a claim against officer Marino upon which relief may be granted.

The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits the Court from providing the injunctive relief Bell seeks vis-a-vis the state courts. This statute provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This statute "says that federal courts cannot by injunction govern the conduct of state litigation," and that "federal courts must abstain from disrupting ongoing state litigation in all the most extraordinary situations." Mannix v. Machnik, 244 Fed. App'x 37, 39 (7th Cir. 2007) (Anti-Injunction Act prevented federal court from issuing an injunction to govern future proceedings in custody proceedings). Here, Bell asks this Court to take actions concerning state court proceedings. This relief falls squarely within the judicial action prohibited by the Anti-Injunction Act. Further, the Younger abstention doctrine precludes this Court from exercising its jurisdiction. The Younger abstention doctrine arises from Younger v. Harris, 401 U.S. 37 (1971) and bars the exercise of federal jurisdiction if it "would interfere (1) with an ongoing state judicial

proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007). Here, the Court concludes that the state court proceedings afford Bell an opportunity to advance any federal constitutional challenges. If a final order has been entered in a state court proceeding, this federal court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.[1]

**IV. Order.**

Upon review, the Court hereby orders:

1. This action is DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii).

2. The Clerk shall enter a separate order of dismissal.

3. The motion for leave to file electronically is DENIED as moot.

SO ORDERED.

William G. Young

WILLIAM G. YOUNG
DISTRICT JUDGE

---

[1] Under the Rooker-Feldman doctrine, a federal district court lacks jurisdiction over a final judgment of a state court. See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 65 (1st Cir. 2008).